UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA,

                  Plaintiff,                            MEMORANDUM AND ORDER

                                                    12 CR 88 (ILG)

     - against -

CHARLES BENNETT,

                  Defendant.

-------------------------------------------------------x

GLASSER, United States Senior District Judge:


       Charles Bennett seeks a new trial pursuant to Federal Rule of Criminal Procedure 33 or, alternatively, a judgment of acquittal pursuant to Rule 29(c), following his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g). For the reasons stated below, Mr. Bennett's motions are denied.

## **BACKGROUND**

       On January 31, 2012, a grand jury returned an indictment, which read in relevant part:

> On or about January 13, 2012, . . . the defendant Charles Bennett . . . having previously been convicted . . . of three crimes . . . each constituting a violent felony . . . did knowingly and intentionally possess . . . a firearm . . .

in violation of 18 U.S.C. § 922(g)(1), which required proof of only one prior felony conviction. Dkt. No. 5. Prior to trial, Mr. Bennett moved to dismiss the indictment based on its reference to three violent felonies. The government, in opposition,

explained that the three felonies referenced in the indictment were to give Mr. Bennett notice of a fifteen-year mandatory minimum sentence if convicted. Jury Selection Transcript ("JS Tr.") at 4 (Dec. 17, 2012); see 18 U.S.C. § 924(e)(1). His motion was denied. JS Tr. at 5.

During the jury selection process, the Court read the indictment as charged. JS Tr. at 9. After a side bar at which the Court's attention was called to the statute's one felony prerequisite, the Court told the jury that it misread the indictment and re-read it to reflect one prior felony conviction. JS Tr. at 12–14. Mr. Bennett's motion for a mistrial was denied. JS Tr. at 13. At the conclusion of its case, the government read into evidence a stipulation of the parties that Mr. Bennett previously had been convicted of a felony. Trial Transcript ("Trial Tr.") at 237 (Dec. 18, 2012). After a two-day trial, the jury returned a verdict of guilty.

## DISCUSSION

### 1.    Motion for New Trial

Under Rule 33 of the Federal Rules of Criminal Procedure, upon the defendant's motion, the court may vacate a judgment and permit a new trial "if the interest of justice so requires." The Second Circuit has recognized that Rule 33 gives the trial court "broad discretion" to order a new trial "to avert a perceived miscarriage of justice," but has cautioned that the court "must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances." United States v. Ferguson, 246 F.3d 129, 133–34 (2d Cir. 2001) (internal quotations omitted). The court must have "a real concern that an innocent person may have been convicted." Id. at 134 (quotation omitted). Mr. Bennett presents no such extraordinary circumstances and the interest of justice does not require a new trial.

Mr. Bennett alleges three instances of misconduct in support of his motion. First, he states without elaboration that the government's rebuttal summation requires a new trial because it had "an unfair effect, depriving Mr. Bennett of a fair trial." Memorandum of Law in Support of Post-Trial Motions for Defendant Charles Bennett ("Def.'s Mem.") at 4 (Dkt. No. 75). This single, conclusory statement, without more, does not identify any specific offending statement in the rebuttal summation and is, therefore, rejected.

Next, Mr. Bennett contends that the grand jury was "tainted" because the government presented evidence to it of three prior felony convictions rather than one, which would have been sufficient to sustain the indictment under § 922(g). He claims that this evidence "overshadowed the government's proof with respect to the § 922(g) charge" and caused the grand jury to "speculate and draw conclusions based upon incorrect factual determinations." Def.'s Mem. at 4–6. What incorrect factual determinations would be the subject of speculation are not identified. A detective testified before the grand jury that Mr. Bennett had three prior convictions and also presented evidence that he possessed a firearm. See Reply Memorandum of Law in Support of Post-Trial Motions for Defendant Charles Bennett ("Def.'s Reply"), Ex. A (Dkt. No. 77). The grand jury heard sufficient evidence upon which to indict Mr. Bennett for the crime with which he was charged and this contention is rejected as well.[1] Moreover, the trial jury heard evidence on only one of Mr. Bennett's prior convictions and returned a verdict of guilty based on that one prior conviction. Mr. Bennett is not

---

[1] Mr. Bennett's assertion that because the grand jury first heard evidence of the three prior convictions and subsequently heard evidence of the § 922(g) violation it was "primed to view the evidence . . . in the prism of a thrice convicted violent felon" is wrong. Def.'s Reply at 3. The detective first testified to the facts of the specific § 922(g) violation and then testified to the three prior convictions. See Def.'s Reply, Ex. A.

entitled to a new jury trial on the basis of extraneous evidence presented to the grand jury but not to the trial jury. See United States v. Riley, 292 F. App'x 717, 724, 726 (10th Cir. 2008) (denying motion for judgment of acquittal in felon-in-possession case where grand jury heard evidence on ten prior convictions but petit jury heard evidence on only one prior conviction).

Finally, Mr. Bennett argues that he was prejudiced when the Court read the indictment to the jury, referencing three prior convictions. Def.'s Mem. at 7–8. As stated above, the Court immediately addressed this issue by informing the jury that it had misread the indictment, orally redacting it to reference only one prior felony. The Court also instructed the jury on several occasions that the indictment was merely an accusation and not evidence. See JS Tr. at 9, 14, 15; Trial Tr. at 289. The jury is presumed to follow the Court's instructions. See, e.g., Britt v. Garcia, 457 F.3d 264, 272 (2d Cir. 2006). Mr. Bennett's assertion of prejudice is both unpersuasive and meritless. His motion for a new trial is denied.

## 2.    Motion for Judgment of Acquittal

Mr. Bennett also moves for a judgment of acquittal pursuant to Rule 29(c), arguing without elaboration that "the government failed to establish a single fact, or an inference upon which a fact can be derived, that Mr. Bennett possessed a firearm." Def.'s Mem. at 8. When a defendant moves for a judgment of acquittal, the Court

> must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If [it] concludes that upon the evidence there must be such a doubt in a reasonable mind, [the court] must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion must be granted. If

> [the court] concludes that either of the two results, a
> reasonable doubt or no reasonable doubt, is fairly possible,
> [it] must let the jury decide the matter.

United States v. Taylor, 464 F.2d 240, 243 (2d Cir. 1972) (quoting Curley v. United States, 160 F.2d 229, 232–33 (D.C. Cir. 1947)).  The defendant "bears a heavy burden" in proving that the evidence is insufficient to support a guilty verdict.  United States v. Heras, 609 F.3d 101, 105 (2d Cir. 2010) (quotation omitted).

The evidence presented at trial against Mr. Bennett was overwhelming.  A review of the evidence, which need not be recited in detail here, can leave no doubt that the jury had sufficient evidence upon which to find that Mr. Bennett possessed a firearm. Indeed, Mr. Bennett's Rule 29(a) motion was denied at the close of the government's case and again at the close of his case.  Trial Tr. at 235–36, 247.  Accordingly, his motion for a judgment of acquittal is denied.

## CONCLUSION

For the reasons stated above, Mr. Bennett's motions pursuant to Rules 33 and 29(c) are hereby DENIED.

**SO ORDERED.**

Dated:      Brooklyn, New York
            February 26, 2013

                            _____/s/ ILG_____
                            I. Leo Glasser
                            United States Senior District Judge